# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH A. WELCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-145-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Deborah A. Welch (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 9, 1959 and was 52 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade and took special education classes. She completed manicurist training in beauty college. Claimant worked in the past as a cashier and poultry dresser. Claimant alleges an inability to work beginning September 23, 2007 due to limitations

resulting from arthritis, osteoporosis, hypertension, thyroid disease, headaches, degenerative disc disease in her spine, low back pain, right hip pain, left knee pain, swelling in her feet and ankles, carpal tunnel syndrome, sleep problems, anxiety, depression, learning disabilities, memory problems, concentration problems, problems with instructions, problems with temper, and problems with being around people.

**Procedural History**

On January 5, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 20, 2011, an administrative hearing was held before ALJ Osly F. Deramus in Paris, Texas. On March 30, 2011, the ALJ issued an unfavorable decision. On February 25, 2012, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe

impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in rejecting the opinion of a consultative examining physician.

**Consideration of Consultative Physician's Opinion**

In his decision, the ALJ found Claimant suffered from the severe impairments of hypertension and degenerative disc disease of the lumbar spine. (Tr. 12). He determined Claimant retained the RFC to perform sedentary work except that she could occasionally stoop and balance, never crouch, crawl, or kneel, and occasionally climb stairs but never climb ladders. (Tr. 16). After consultation with a vocational expert, the ALJ determined Claimant retained the RFC to perform the representative job of check cashier. As a result, the ALJ concluded Claimant was not disabled. (Tr. 23).

Claimant contends the ALJ failed to give the appropriate weight to the opinion of Dr. Gordon Strom, a consultative examiner. Dr. Strom examined Claimant on March 8, 2011, stating that her major complaint was that of a deteriorated disk and her inability to walk or stand. (Tr. 488). Claimant described pain in her wrists radiating up into her arms as "her major problem." Dr. Strom

observed Claimant was "seated comfortably" and that she could "stand from a seated position and move about the clinic without the use of assistive devices."  (Tr. 489).

Claimant could extend her hands above her arms.  Although she complained of pain in her wrists with flexion and extension of her wrists, Dr. Strom found she had adequate grip strength and no obvious Tinel sign.  Claimant could flex both elbows fully, rotate her wrists and manipulate small objects.  Id.  In her lower extremities, Claimant could flex her hips fully, dorsiflex and planter flex both feet, and flex both feet fully.  Straight leg raising tests in both the sitting and lying positions produced pain at about 90 degrees in her hips radiating into the posterior aspect of her legs.  Id.

Dr. Strom acknowledged notes in the chart which described Claimant as having degenerative disk disease.  However, he stated that "[t]he exam really did not reveal much evidence of significant problem."  He found her file revealed a history of chronic anxiety and depression, history of mitral prolapse, history of degenerative joint disease with "bulging disks", a diagnosis of carpel tunnel syndrome based upon the complaint of arm pain and wrist pain radiating into both hands.  He found no Nerve Conduction Studies, no physical findings consistent with carpel tunnel syndrome and no evidence of a prior evaluation to determine that Claimant had carpel

6

tunnel syndrome as the etiology for her hand and arm pain. (Tr. 490).

Dr. Strom's impressions were likely degenerative arthritis involving Claimant's cervical and lumbar spine. He did not have the impression that Claimant's symptoms in her wrists was due to carpel tunnel syndrome. Dr. Strom also found Claimant was likely allergic rhinitis exacerbated by Lisinopril, likely has chronic obstructive pulmonary disease attributable to her being a chronic smoker, history of acid reflux, and anxiety. (Tr. 490).

On March 8, 2011, Dr. Strom provided a Medical Source Statement on Claimant. Dr. Strom estimated Claimant could lift/carry up to 10 pounds frequently and up to 20 pounds occasionally, noting Claimant was "small statured" and was "limited by her size" in the amount she could carry. (Tr. 493). He further found Claimant could sit, stand and walk for 2 hours at one time without interruption and could sit for 4 hours out of an 8 hour workday, and stand and walk for 2 hours in an 8 hour workday. He noted Claimant did not use a cane to ambulate. (Tr. 494). Dr. Strom also determined Claimant could frequently reach, handle, finger, feel, and push/pull with both of her hands, although he noted Claimant "states she cannot use her hands due to pain." He also noted that there was a lack of objective findings under the area of the form for him to identify any medical or clinical findings which supported his assessment or

7

Claimant's limitations. Claimant also could frequently use her feet in the operation of foot controls. (Tr. 495). Dr. Strom also found Claimant could occasionally climb stairs and ramps as well as ladders or scaffolds and frequently balance, stoop, kneel, crouch, and crawl. He noted no impairments which affected Claimant's hearing or vision. (Tr. 496). Dr. Strom found minimal environmental limitations, but remarked that Claimant "states hands hurt when exposed to temperature changes." (Tr. 497). He also found Claimant's impairments did not affect her activities listed on the form. He could not estimate when Claimant's limitations were first present. (Tr. 498).

The ALJ acknowledged Dr. Strom's findings and opinions three times in his decision. He related Dr. Strom's overall finding that Claimant's complaints were out of proportion to his physical findings, where he noted Claimant's adequate grip strength, no obvious Tinel sign, her ability to flex both elbows fully, rotate her wrists, and manipulate small objects. (Tr. 13). The ALJ also found Claimant could complete her response to Dr. Strom's consultative examination. (Tr. 15). He also set out many of Dr. Strom's clinical findings and his conclusion that the examination "really did not reveal much evidence of a significant problem." (Tr. 20).

While Dr. Strom's overall opinion is clearly dubious of the

8

extent of impairment alleged by Claimant, the ALJ was under an obligation to fully consider Dr. Strom's medical findings and the limitations they impose. Hamlin v. Barnhart, 365 F.3d 1208, 1215-16 (10th Cir. 2004). The ALJ did not fulfill his duty to set forth the weight to which Dr. Strom's opinion was entitled. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). Moreover, the functional limitations found by Dr. Strom, particularly upon Claimant's ability to sit, directly conflict with the ALJ's RFC wherein he concludes Claimant can perform sedentary work. The ALJ must explain his basis for deviating from Dr. Strom's finding in this regard.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 18th day of September, 2013.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma